ANNIE LESTER PATTERSON WARNER, *et al.,* v. WILLIAM E. SAPP, *et ux.,* COMMERCIAL BANK & TRUST Co., *et al.*

155 So. 793.
Opinion Filed June 12, 1934.
Petition for Rehearing Denied July 17, 1934.

*S. J. Barco,* for Appellants;

*Redfearn & Ferrell,* for Appellees.

BUFORD, J.—In this case the principal question presented has been determined by this Court adversely to the contention of the appellants in the case of Bailey v. Inman, 105 Fla. 1, 140 Sou. 783, but more definitely in the case of Norris v. Schwartz, opinion filed March 9th, 1934, wherein this Court said:

"The covenant of partial release is a covenant running with the land, and where there is no limit as to time the right may be exercised at any time before the rights of the mortgagor or one claiming under him are permanently foreclosed."

The record in the case when it was heretofore before the Court, see Sapp v. Warner, 105 Fla. 245, 141 Sou. 124, and 105 Fla. 245, 143 Sou. 648, shows that the foreclosure proceedings were had upon two evidentiary mortgages which were alleged to have been copies of the lost mortgage. These evidentiary mortgages did not show the release clause which was contained in the original mortgage.

After the pleadings had been made up and the cause was at issue, and testimony was being taken, the lost mortgage was found and introduced in evidence. The lost mortgage contained the partial release clause under which the Court found in the decree here appealed from that the defendants in the court below, appellees here, were entitled to the release of the lots owned by them upon complying with the terms of the release clause. Therefore, the appellees are not in position to contend that the appellants are estopped by reason of having not taken advantage of the partial release clause at an earlier stage of the proceedings if estoppel under the decision of this Court above referred to could be invoked at all.

We find no reversible error disclosed by the record, except that the modified final decree should have required the defendants to reimburse the complainants in the amount or amounts of money which the complainants had expended in the payment of taxes assessed against each lot, respectively between the date of the contract of purchase of the lot by the defendants and the date of the decree. Such sum or sums to be evidenced by tax receipts to be delivered to the special master within a reasonable time to be named in the modified decree. Equity and good conscience require that the defendants not only pay amount necessary to release each lot, but also the proportionate amount of the costs incurred, which item has been provided for in the modified decree and also to reimburse complainants for the taxes paid by them which should have been paid by the defendants. We direct that the modified decree be further modified in this regard and, when so modified, the decree will stand affirmed on authority of the opinions and judgments in the cases hereinbefore cited.

The costs of this appeal shall be taxed equally against the appellants and the appellees.

Decree affirmed with directions to modify.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., concurs in the conclusion.